1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-08-1829-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| 75.746 Acres of Land et al., | |
| Defendants. | |

We tried this eminent domain action under Rule 71.1, Fed. R. Civ. P., on May 11 and 12, 2010. These are our findings and conclusions under Rule 52(a), Fed. R. Civ. P.

The United States acquired an aviation easement over 75.746 acres of land, part of a larger parcel of 211.58 acres, owned by Ashby Land LLC, located at the end of the southwest runway at Luke Air Force Base in Glendale. The only issue in dispute is the amount of just compensation due, measured by the fair market value of the land on the day of taking, here, October 6, 2008.

Unfortunately, the parties' disagreement over the evaluation method to be used causes them to be deeply divided over value. The United States contends that the comparable sales method should be used. Ashby contends that there are no comparable sales, and thus the income approach to value should be used. That approach does not encompass lost future profits (which are not allowed), but instead focuses on value from the perspective of a potential buyer in the relevant market. See our Order of April 7, 2010 (doc. 58). The parties agreed that the burden of proof rested with the landowner.

Stanley Ashby testified that the 2008 easement would prevent him from leasing his land to rose bush farmers because the easement vests total discretion in the Commander of Luke AFB to exercise rights under the easement. The easement goes beyond allowing flights. It prohibits birds (which farming attracts), allows for the construction of lighting fixtures, navigational aids, signs, and most importantly, allows the Base Commander to go in and tear out crops at any time. Since rose bush farming is on a two-year cycle, no one would invest in farming the land in the face of these risks. He testified that his property was appraised for Federal Estate Tax purposes at $40,000.00 per acre in 2007.

Ashby's expert, Stephen Brophy, testified that Arizona now exceeds Texas and California in the rose bush farming industry. Because of its unique soil and location, the highest and best use for the subject property is rose bush farming. He estimates it takes an investment of about $13,000.00 per acre to farm rose bushes. He also asserts, without contradiction (the United States' expert did not even read Brophy's report and did not testify in rebuttal to it), that there are no comparable sales in the area. He asserted that the "comparables" cited by the United States' expert were not comparable at all. None involved rose bush farming. Most were sales to speculators and developers in a down market. In light of the extensive authority to remove crops vested in the Base Commander by the easement, he concluded that much of the property lost value at the rate of $34,500.00 per acre. He ultimately concluded that the total diminution in value was $3.1 million.

Steven Nagy testified as the United States' expert. He appraised the value of the easement taken at $418,000.00. He concluded that various local governmental restrictions already limit the use of the subject property. He disputed the use of the income approach to value for agricultural uses. Instead, he looked at land around Luke AFB for comparables, but found no sales. So, he went all over the west valley looking for sales. He acknowledged that the land before all the restrictions were imposed was valued at $40,000.00 per acre, but concluded that the pre-2008 easement restrictions already reduced the value to $6,000.00 per acre. He thought that the 2008 easement was slightly more restrictive than those already imposed (the allowance of clear cutting and the potential loss of crop) and valued this loss

1  at $4,000.00 per acre. As noted, he had not seen the Brophy report and was not prepared to
2  rebut it.
3        I find and conclude that there were no comparables to the subject property, and that
4  Nagy's use of sales outside the Luke area for properties that were not used for rose bush
5  farming failed to give a true measure of value. Thus, Brophy was right to not use the
6  comparable sales method, because there were no legitimate comparables. I find that the
7  income approach for this land, which is uniquely suited to rose bush farming, is a reasonable
8  approach where there simply are no comparables. I find it remarkable that the United States'
9  expert failed to even read the Brophy report and failed to rebut it. Thus, while it might have
10 been possible to produce different numbers (e.g., the capitalization rate) using the income
11 approach, there is no evidence before me to construct a damages model different from that
12 employed by Brophy.
13       Brophy was a highly credible witness. His opinions were tempered by realism and
14 did not overreach. I therefore find it more probable than not that the sum of $3.1 million
15 represents the difference between the value of the whole 211-acre parcel (including the
16 75.746 subject to the easement) before the taking and after the taking, and is fair, adequate
17 and just compensation. This figure is driven largely by the authority the easement gives to
18 the Base Commander to "cut to ground level", Ex. 2 at 8, crops grown on the land. Although
19 the United States suggested that was unlikely, it would not commit to not doing it when given
20 the opportunity at trial. The United States believed that would be an alteration of the
21 easement, thereby admitting not only the authority to clear the property of crops but also the
22 possibility that it might happen. It simply would not represent that it would not clear the
23 ground of crops.
24       At all events, the clerk is directed to enter final judgment in favor of the defendants
25 and against the United States in the amount of $3.1 million.
26       DATED this 8th day of June, 2010.

                                                */s/ Frederick J. Martone*
                                                Frederick J. Martone
                                               United States District Judge